Matter of 413 E. 187 Holdings LLC v New York City Dept. of Hous. Preserv. & Dev. (2025 NY Slip Op 05566)

Matter of 413 E. 187 Holdings LLC v New York City Dept. of Hous. Preserv. & Dev.

2025 NY Slip Op 05566

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ.

Index No. 812423/23|Appeal No. 4909|Case No. 2023-06788|

[*1]In the Matter of 413 East 187 Holdings LLC, Petitioner-Respondent,

v

New York City Department of Housing Preservation and Development, Respondent-Appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for appellant.

Windels Marx Lane & Mittendorf LLP, New York (Jason M. Frosch of counsel), for respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about November 20, 2023, which, in this proceeding brought pursuant to CPLR article 78, granted the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), dated April 25, 2022, denying petitioner's application for a J-51 tax abatement, and remanded the case to HPD for further consideration of the application, unanimously affirmed, without costs.

HPD's denial of petitioner's application on the grounds that petitioner had not previously complied with all applicable laws was affected by an error of law (CPLR 7803[3]; see Matter of Fordham Hills Owners Corp. v Soliman, 237 AD3d 402, 405 [1st Dept 2025]). The City has provided for tax exemptions and abatements for certain buildings under the J-51 tax incentive program, which allows property taxes to be abated each year for up to 20 years upon the renovation of a residential building (see Real Property Tax Law § 489[15];Administrative Code of City of NY § 11-243[c][1]). So that property improvements interfere as little as possible with rebuilding and rehabilitation of "substandard and insanitary" areas (Administrative Code § 11-243[g][1]), the law provides that eligibility for J-51 benefits is restricted to buildings that HPD "shall certify to be structurally sound and to comply with applicable provisions of law, asdetermined by the department of buildings, which certification shall be evidenced by a certificate describing the property involved" (id.).

HPD regulations mirror the eligibility restriction of the Administrative Code: "In order to be eligible for tax benefits[,] a building must be structurally sound and must comply with applicable laws including, but not limited to, the Building Code, the Multiple Dwelling Law, the Housing Maintenance Code and the Zoning Resolution" (28 RCNY 5-03[e][1]). The regulations also require the submission of the Form J-3, on which the New York City Department of Buildings (DOB) must certify whether the building is structurally sound and is in compliance with the applicable provisions of law in accordance with Administrative Code § 11-243(g)(1) (28 RCNY 5-05[c][8]).

Here, instead of relying on the DOB's determination of whether the building was in compliance with the law, as provided by the Administrative Code, HPD made the determination itself. This determination was improper. Under the Administrative Code, HPD "shall certify" that a building complies with applicable law "as determined by the department of buildings," not as determined by HPD (Administrative Code § 11-243[g][1]; see also NYC Charter § 645[b][1]-[3]). HPD's own form and regulations contemplate that certification of compliance with applicable laws is to be conducted by the DOB (28 RCNY 5-05[c][8]).

HPD is not entitled to deference in this instance, as the interpretation of Administrative Code § 11-243(g)(1) "or its application" does not involve HPD's "knowledge and understanding of underlying operational practices," nor does it entail "an evaluation of factual data and inferences to be drawn therefrom" (Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [2020] [internal quotation marks omitted]). Instead, the question here is "one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (id. [internal quotation marks omitted]).

We have considered HPD's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 9, 2025